EMMA FLITCRAFT v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF WOODSTOWN.

Submitted July 3, 1913—Decided December 29, 1913.

An abutting landowner who is injured by a change of the grade of a street in front of his property in a borough incorporated under the General Borough act of .1897, cannot maintain an action under the seventieth section of the General Road act for the recovery of damages for such injury. His remedy is to call upon the commissioners of assessment of. the borough to assess the damages thus sustained by him, and, in the event of their failure to comply with his demand, to sue out a writ of *mandamus* to compel them to do so.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the demurrant, *Thomas G. Hilliard.*

*Contra, John G. Horner.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was begun prior to the adoption of the new Practice act, and, by it the plaintiff seeks to recover damages sustained by her as the owner of a tract of land on West avenue in the borough of Woodstown, by reason of the alteration of the grade of that avenue by the borough authorities. The tract has a building erected thereon, and the plaintiff's right of action is rested by her upon the seventieth section of the General Road act (*Comp. Stat., p.* 4461), which provides that an action shall lie in behalf of any person owning any house, or other building, standing and erected upon any street or highway, the grade whereof shall be altered by * * * any borough or other municipality in this state, to recover all damages which such owner shall suffer by reason of such alteration of grade.

The defendant pleaded, among other matters, that it was incorporated under the General Borough act of 1897 (*Comp. Stat., p.* 266) ; that this statute provides a method of assessing and paying compensation to persons injured by changes of grades of highways upon which they are abutting owners; and that, therefore, by force of the seventy-second section of the Road act the provisions of the seventieth section of that statute do not apply to the present case. The seventy-second section of the Road act declares that the provisions of the seventieth section shall not refer to any borough whose charter provides for assessing and paying compensation to persons injured by the making of grades established or to be established.

To this plea of the defendant the plaintiff replied, admitting that the defendant was incorporated under the Borough act of 1897, but averring that it is not entitled to the benefit of the exemption contained in the seventy-second section of the Road act, for the reason that in changing the grade of West avenue the borough authorities did not proceed under the authority of the statute of its incorporation, but in accordance with the provisions of an act for the permanent improvement of the public roads of the state passed March 27th, 1905. *Pamph. L., p.* 94.

To this replication the defendant has demurred.

Section 33 of the Borough act authorizes the borough council to alter the grades of its streets and avenues, and provides that the cost of the "improvement" shall be assessed upon the lands fronting on the street or avenue so improved to the extent of the benefit received. Section 52 of that act provides for the appointment of commissioners of assessment, and imposes upon that body the duty of making "all assessments in favor of the owner of land or real estate damaged * * * by any general or local *improvement;*" and upon the owners of land or real estate benefited by such improvement. Section 60 of the act requires that the damages so assessed in his favor shall be tendered to the owner, except in cases where the benefits received by him from the improvement are equal to or exceed the damages assessed in

his favor. From a recital of these provisions of the Borough act it is manifest that municipalities incorporated under that statute come within the exemption of section 72 of the General Road act. The only question, therefore, which the case presents for determination is whether the fact that the change of grade was made, not in pursuance of the provisions of the Borough act, but under those of the act for the improvement of the public roads of the state, deprives the defendant of the benefit of that exemption. The answer seems plain. The statute just referred to makes no provision for the ascertainment or the payment of damages sustained by an abutting owner from the change of grade in a public highway; and does not purport to supersede the provisions of the Borough act, which provide the manner in which borough authorities shall legislate with respect to a change of grade in a highway, or those which provide the method by which damages and benefits occasioned thereby shall be ascertained, assessed and paid, but leaves those provisions in full force and effect. *Clark* v. *Elizabeth, 32 Vroom 565.* The Borough act declares that a change of grade is an improvement. It imposes upon the commissioners of assessment the duty of making *all* assessments, both for damages and benefits, where such damages and benefits result from any general or local improvement; not only improvements made under and pursuant to the provisions of that statute, but improvements made under the authority of any other statute conferring power for that purpose. We conclude, therefore, that the seventy-second section of the Road act is applicable to the case presented by the pleadings; and that, this being so, the plaintiff cannot sue at large for the damages sustained by her, but must pursue her remedy in the manner provided by the act under which the defendant municipality is incorporated. That remedy is to call upon the commissioners of assessment of the borough to assess the damages sustained by her from the change of the grade of the avenue (if they have not already done so) and, in the event of their failure to comply with her demand, to sue out a writ of *mandamus* to compel them to do so. *Reock* v. *Newark, 4 Id. 129.*

The defendant is entitled to judgment on the demurrer.